IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C. EXTRUDED FILMS, LLC,<br><br>               Plaintiff,<br>vs.<br><br>BADGER PRINTING AND<br>CONVERTING, LLC,<br><br>               Defendant. | Case No. 08cv3118<br><br>Judge Darrah<br><br>Magistrate Judge Keys |

## MEMORANDUM OF LAW IN SUPPORT OF C. EXTRUDED FILMS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFAULT

Plaintiff C. Extruded Films, LLC ("CEF"), by and through its attorneys, submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings and Default pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 55:

### I.     INTRODUCTION

On May 30, 2008, CEF filed a five-count Complaint against Badger Printing & Converting, LLC ("Badger") seeking recovery for the purchase price of goods that Badger ordered and received from CEF, but failed to pay for. On June 19, 2008, Badger filed a hand-written document with the Court captioned "Response to Converters."

There are two bases for the instant motion and CEF is entitled to relief on either ground. First, CEF is entitled to judgment on the pleadings because Badger has admitted every general averment and allegation in CEF's complaint. Badger admits it owes CEF money and fails to raise a single fact that would support any defense to CEF's claims. Second, Badger's one page handwritten document filed with this Court does not constitute an answer or other responsive pleading proscribed by the Federal Rules of Civil Procedure, and CEF is thus entitled to an entry of default given Badger's failure to timely respond to the Complaint.

2900807.3

II. **FACTS**

The relevant facts, which were set out in CEF's Complaint, are not in dispute. Badger and CEF have conducted business with each other since at least May 2005. *See* Exhibit A ¶ 7. During this period, Badger's regular practice was to submit purchase orders to CEF via facsimile. *See* Exhibit A ¶ 8. CEF would then accept these purchase orders and send written acknowledgments back to Badger. *Id.* After manufacturing and shipping the goods ordered by Badger, CEF would send Badger invoices for each order. *See* Exhibit A ¶ 9. Under the terms of the invoices, payment was due for each order within thirty (30) days of delivery. *Id.* Beginning in at least June 2006, Badger started failing to make timely payments on its orders. *See* Exhibit A ¶ 11. To date, Badger currently owes CEF an outstanding balance of $120,176.15 for orders dating back as far as August 2006. *See* Exhibit A ¶ 12. This lawsuit was filed on May 30, 2008, and Badger was served on June 4, 2008.

III. **ARGUMENT**

    1. <u>CEF is Entitled to Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) Because Badger Has Not Raised a Single Fact That Would Support Any Defense to The Claims in CEF's Complaint</u>.

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings is determined by the same standard applied to a 12(b)(6) motion. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Accordingly, a court should grant a motion for judgment on the pleadings "when it appears beyond a doubt that [a litigant] cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 842, 844 (N.D. Ill. 2008) *quoting Moss v. Martin*, 473

2

F.3d 694, 698 (7th Cir.2007). The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Wood*, 925 F.2d at 1581-82.

This matter can appropriately be decided on the pleadings. CEF's five-count Complaint against Badger seeks recovery for the purchase price of goods Badger ordered and received from CEF, but failed to pay for. *See* Exhibit A. In its June 19, 2008 handwritten response, Badger fails to raise any facts that would support a defense to any of CEF's claims. Badger specifically acknowledges it has not paid for goods it received from CEF: "I don't disagree I owe Converters money." *See* Exhibit B. Nowhere in Badger's filing does it dispute the fact that it owes CEF money or does it dispute the amount alleged.[1] Badger acknowledges it "fell behind" on payment and that CEF nonetheless continued to do business with Badger. *See* Exhibit B. Badger represents "I can pay at this time $500.00 a month. I do not have the funds to pay more." *See* Exhibit B. This is certainly no defense to the Complaint: it is the very reason for the Complaint. Since Badger has raised no facts that could give rise to any defenses to CEF's claims, CEF is entitled to judgment as a matter of law and the Court should grant its motion for judgment on the pleadings.

    2.    <u>CEF is Entitled to an Entry of Default Under Fed. R. Civ. P. 55 Because Badger Has Failed to Timely Respond to the Complaint</u>.

The default judgment process is technically a two-step process comprising entry of default followed by default judgment. According to the Federal Rules of Civil Procedure, entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that a

---

[1] While Badger points to the fact that it made several sporadic $500 payments, those payments were deducted from its debt and the current outstanding balance to date is $120,176.15. Badger does not claim otherwise.

3

2900807.3

party entitled to judgment by default may apply to the court for same. Fed. R. Civ. P. 55(b)(2). Further, judgment by default may be made without a hearing on damages where the amount claimed is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).

Badger's one page handwritten "response" is not an answer or responsive pleading for purposes of the Federal Rules of Civil Procedure and Badger has thus failed to timely respond to CEF's Complaint. Fed. R. Civ. P. 55(a) provides that where a party has failed to plead or "otherwise defend," then the clerk must enter the party's default. Similarly, Local Rule 10.1 of the United States District Court for the Northern District of Illinois requires that: "responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is numbered." Badger's handwritten June 19, 2008 document does not constitute a responsive pleading. Badger simply informs the Court it does not have money to pay CEF and requests "an extension to try and work things out with Converters." *See* Exhibit B. Badger does not raise a single fact that could be construed as a possible defense, but instead states "I don't disagree I owe Converter's money." *See* Exhibit B. Badger was well aware that CEF had been contemplating legal action since at least April 2007, but inexplicably failed to seek legal counsel or otherwise comply with the requirements for responding to the Complaint. Instead, Badger states it is "not hiring an attorney at this point because I would like to come to some mutual agreement." *See* Exhibit B, pg. 2. This cannot serve to extinguish Badger' obligation to comply with the Federal Rules of Civil Procedure. Since Badger has failed to timely respond to the Complaint, entry of default judgment pursuant to Fed. R. Civ. P. 55 is warranted.

4

Further, in light of Edward Mundt's affidavit and the invoices attached to the Complaint, a damages hearing is neither appropriate nor necessary. The invoices attached as Exhibit A to the Complaint reveal a total outstanding balance of $120,176.15. This is also attested to in Mr. Mundt's affidavit. *See* Exhibit C. Badger does not dispute these amounts. As such, CEF's damages are readily ascertainable.

WHEREFORE, CEF respectfully requests that this Court enter an Order awarding CEF judgment on the pleadings for the entirely of its Complaint or, in the alternative, that CEF is entitled to default judgment against Badger, and grant CEF the relief sought in its Complaint against Badger, and for such other and further relief as the Court deems just and proper.

Dated: July 11, 2008.

        Respectfully submitted,

        BRYAN CAVE LLP

        By: /s/ Dmitry Shifrin

        Dmitry Shifrin, #6279415
        161 N. Clark St., Suite 4300
        Chicago, Illinois 60601
        (312) 602-5000 (phone)
        (312) 602-5050 (facsimile)

        Herbert R. Giorgio, Jr. (admitted *pro hac vice*)
        One Metropolitan Square
        211 North Broadway, Suite 3600
        St. Louis, Missouri 63102-2750
        (314) 259-2000 (phone)
        (314) 259-2020 (facsimile)

        Attorneys for C. Extruded Films, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of July, 2008, the foregoing was served upon the following via U.S. Mail, in addition to the court's electronic filing system:

Christopher J. Glowacki
401 E. Conde Street
Janesville, Wisconsin 53546

                                             /s/ Dmitry Shifrin

2900807.3