IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C. EXTRUDED FILMS, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 08cv3118 |
| vs. | ) |
| | ) Judge Darrah |
| BADGER PRINTING AND | ) |
| CONVERTING, LLC, | ) Magistrate Judge Keys |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF C. EXTRUDED FILMS, LLC'S AMENDED MOTION FOR DEFAULT JUDGMENT**

Plaintiff C. Extruded Films, LLC ("CEF"), through counsel, submits this Memorandum of Law in Support of its Amended Motion for Default Judgment pursuant to Fed. R. Civ. P. 55:

I.  **INTRODUCTION**

On May 30, 2008, CEF filed a five-count Complaint against Badger Printing & Converting, LLC ("Badger") seeking recovery for the purchase price of goods that Badger ordered and received from CEF, but failed to pay for. On June 19, 2008, Christopher Glowacki ("Glowacki"), president of Badger, filed a one-page handwritten document with the Court captioned "Response to Converters." Glowacki is not an attorney. No attorney has entered an appearance for Badger and Badger has apparently not hired an attorney. *See* Exhibit B.

A corporation cannot represent itself *pro se* and can appear in federal court only through licensed counsel. Accordingly, Badger's one-page handwritten document prepared and filed by Glowacki does not constitute an answer or other responsive pleading proscribed by the Federal Rules of Civil Procedure. CEF is entitled to an entry of default under Federal Rule of Civil Procedure 55 given Badger's failure to timely respond to CEF's Complaint.

2935178.1

## II. FACTS

The relevant facts, which were set out in CEF's Complaint, are not in dispute. Badger and CEF have conducted business with each other since at least May 2005. *See* Exhibit A ¶ 7. During this period, Badger's regular practice was to submit purchase orders to CEF via facsimile. *See* Exhibit A ¶ 8. CEF would then accept these purchase orders and send written acknowledgments back to Badger. *Id.* After manufacturing and shipping the goods ordered by Badger, CEF would send Badger invoices for each order. *See* Exhibit A ¶ 9. Under the terms of the invoices, payment was due for each order within thirty (30) days of delivery. *Id.* Beginning in at least June 2006, Badger started failing to make timely payments on its orders. *See* Exhibit A ¶ 11. To date, Badger currently owes CEF an outstanding balance of $120,176.15 for orders dating back as far as August 2006. *See* Exhibit A ¶ 12. This lawsuit was filed on May 30, 2008, and Badger was served on June 4, 2008.

## III. ARGUMENT

<u>CEF is Entitled to an Entry of Default Under Fed. R. Civ. P. 55 Because Badger Has Failed to Timely Respond to the Complaint Through Licensed Counsel</u>.

The default judgment process is technically a two-step process comprising entry of default followed by default judgment. According to the Federal Rules of Civil Procedure, entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that a party entitled to judgment by default may apply to the court for same. Fed. R. Civ. P. 55(b)(2). Further, judgment by default may be made without a hearing on damages where the amount claimed is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983).

2

It is well established that a corporation cannot represent itself *pro se* and may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (collecting cases); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008 ); *Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 418-19 (7th Cir. 2007); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 33-34 (7th Cir. 1976) (per curiam). As such, the one page handwritten "response" filed by Glowacki, who is not an attorney, is not an answer or responsive pleading for purposes of the Federal Rules of Civil Procedure. As a corporation, Badger can only respond to the Complaint through a licensed attorney who properly enters his or her appearance on behalf of the corporation and files an appropriate responsive pleading. Since Badger has failed to timely respond to or "otherwise defend" against CEF's Complaint, CEF is entitled to an entry of default. Fed. R. Civ. P. 55(a).

Further, in light of Edward Mundt's affidavit and the invoices attached to the Complaint, a damages hearing is neither appropriate nor necessary. The invoices attached as Exhibit A to the Complaint reveal a total outstanding balance of $120,176.15. This is also attested to in Mr. Mundt's affidavit. *See* Exhibit C. Badger does not dispute these amounts. As such, CEF's damages are readily ascertainable.

WHEREFORE, CEF respectfully requests that this Court enter an Order that CEF is entitled to default judgment against Badger, and grant CEF the relief sought in its Complaint against Badger, and for such other and further relief as the Court deems just and proper.

Dated: September 2, 2008.

Respectfully submitted,

BRYAN CAVE LLP


By: /s/ Herbert R. Giorgio, Jr.

Dmitry Shifrin, #6279415
161 N. Clark St., Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (phone)
(312) 602-5050 (facsimile)

Herbert R. Giorgio, Jr. (admitted *pro hac vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
(314) 259-2000 (phone)
(314) 259-2020 (facsimile)

Attorneys for C. Extruded Films, LLC


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of September, 2008, the foregoing was served upon the following via U.S. Mail, in addition to the court's electronic filing system:

Christopher J. Glowacki
401 E. Conde Street
Janesville, Wisconsin 53546


/s/ Herbert R. Giorgio, Jr.

2935178.1